JUDGE KAPLAN

Ira Jay Levy (IL-2632)
Heather L. Dietrick (HD-9591)
GOODWIN PROCTER, LLP
620 8th Avenue
New York, NY 10018
212-813-8800 Telephone
212-353-3333 Facsimile
Attorneys for Plaintiff
Pepperidge Farm, Incorporated

10 CV 1747



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------

PEPPERIDGE FARM, INCORPORATED        §
                                     §
    Plaintiff,                    §
                                     §
v.                                   §    CIVIL ACTION NO.
                                     §
THE GYMBOREE CORPORATION             §
                                     §
    Defendant.                    §
                                     §
                                     §

------------------------------------------------------

## COMPLAINT

Plaintiff Pepperidge Farm, Incorporated, ("Pepperidge Farm") by its attorneys Goodwin Procter, LLP, for its complaint, alleges as follows:

### NATURE OF THE ACTION

1.    This is an action for trademark infringement and dilution, false designation of origin, deceptive acts and practices, and unfair competition, under federal and state law, arising out of the offering for sale of a "Little Goldfish" collection of children's clothing by The Gymboree Corporation ("Gymboree") in violation of Pepperidge Farm's rights in the GOLDFISH DESIGN marks, as defined below.

## THE PARTIES

2.    Plaintiff Pepperidge Farm is a Connecticut corporation with a place of business at 595 Westport Avenue, Norwalk, Connecticut, 06851.

3.    Defendant Gymboree is a corporation organized and existing under the laws of the State of Delaware with a place of business at 500 Howard Street, San Francisco, CA. Gymboree is doing business in this judicial district through multiple retail outlets.

## JURISDICTION AND VENUE

4.    Jurisdiction exists pursuant to 15 U.S.C.  §§ 1116 and 1121 and 28 U.S.C.  §§ 1331, 1332 and 1338 and 1367.

5.    This suit is based on a Federal question and statute, namely 15 U.S.C. § 1051 et. Seq.

6.    The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

7.    Supplemental jurisdiction over the causes of action under New York state law is proper as substantially related to those causes of action over which the court has original jurisdiction, pursuant to 28 U.S.C. § 1367.

8.    This Court has personal jurisdiction over Gymboree pursuant to N.Y. Civ. Prac. L & R. §§ 301 and 302(a).  Upon information and belief, Gymboree has regularly solicited business in the State of New York and in this District, has transacted and done business in the State of New York and in this District, has wrongfully caused injury to Pepperidge Farm in the State of New York and in this District, such injury being reasonably foreseeable, and derives substantial revenue from interstate commerce.

9.      Venue is proper under 28 U.S.C. § 1391(b) in that Defendant is doing and transacting business within, and has committed the tortious acts complained of herein, in this judicial district.

## BACKGROUND

10.     Pepperidge Farm, through its related companies and predecessors in interest and title, has for many years been engaged in and continues to be engaged in the development, production, and sale of cookies, crackers, snack mixes, confections, salted biscuits, pastries, and other bakery products.  Pepperidge Farm has built a large and profitable business in connection therewith.

11.     Since at least as early as 1962, Pepperidge Farm has used, and to this day continues to use, distinctive GOLDFISH DESIGN marks in connection with its business.

12.     The GOLDFISH DESIGN marks are defined as those marks appearing in Exhibit A, as well as all common law rights relating thereto.

13.     Pepperidge Farm has used and continues to use the GOLDFISH DESIGN marks for baked snacks and snack mixes.   The GOLDFISH DESIGN marks have been used continuously in commerce for such goods since at least as early as 1962.

14.     Pepperidge Farm has acquired common law trademark rights in the GOLDFISH DESIGN marks.

15.     Pepperidge Farm is also the owner of the following relevant U.S. Trademark Registrations on the Principal Register in the United States Patent and Trademark Office for the GOLDFISH DESIGN marks: (1) Reg. No. 1,640,659 for the product configuration of GOLDFISH for crackers; (2) Reg. No. 1,845,811 for the product configuration of GOLDFISH for cookies; (3) Reg. No. 2,054,823 for the GOLDFISH DESIGN for crackers and snack mix consisting primarily of crackers, pretzels, and nuts; (4) Reg. No. 2,176,927 for the GOLDFISH

3

DESIGN for snacks, namely crackers; (5) Reg. No. 2,586,509 for the GOLDFISH DESIGN for soups; (6) Reg No. 2,719,331 for the GOLDFISH DESIGN for pasta; (7) Reg. No. 3,290,648 for the product configuration of GOLDFISH for crackers; (8) Reg. No. 3,304,314 for the GOLDFISH DESIGN for cookies and crackers; (9) Reg. No. 3,353,856 for the GOLDFISH DESIGN for crackers; (10) Reg. No. 3,433,385 for the GOLDFISH DESIGN for crackers; and (11) Reg. No. 3,471,224 for the GOLDFISH DESIGN for crackers.    All of the GOLDFISH DESIGN mark registrations are valid and subsisting registrations.  Copies of the Certificates of Registration for the trademarks are attached as Exhibit A.

16.    Registration Numbers 1,640,659; 2,054,823; 2,176,927; 2,586,509; and 2,719,331 are incontestable.

17.    Pepperidge Farm uses the GOLDFISH DESIGN marks as a designation of source and quality for its goods and services.  Pepperidge Farm uses the registration symbol ® on the packaging for its goods and in connection with the advertising of products sold under the GOLDFISH DESIGN marks.

18.    The GOLDFISH DESIGN marks are famous.

19.    By virtue of Pepperidge Farm's extensive use in commerce of the GOLDFISH DESIGN marks in connection with its goods, such goods have become well and favorably known to the relevant trade and public under such marks.

20.    By virtue of extensive sales in commerce, the relevant trade and public have come to associate goods bearing and/or configured in accordance with the GOLDFISH DESIGN marks with Pepperidge Farm and with Pepperidge Farm alone, thereby creating a valuable reputation for such goods under such marks.

21.    Due to the quality of its products and services, Pepperidge Farm has acquired an excellent reputation, commercial success, and recognition in the field of crackers, snack mixes, and other bakery products.

22.    As a result of this fame, and as a reflection of the economic value of the GOLDFISH DESIGN marks, as well as its appeal to children, Pepperidge Farm has developed a licensing program based upon the GOLDFISH DESIGN marks.

23.    As part of its program for licensing the GOLDFISH DESIGN marks, Pepperidge Farm requires that its licensees manufacture goods of a certain quality, that Pepperidge Farm have the opportunity to ensure the quality of such goods, and that its licensees use the ® symbol in connection with the GOLDFISH DESIGN marks.

24.    Upon information and belief, defendant Gymboree recently launched a line of children's clothing prominently incorporating Pepperidge Farm's famous GOLDFISH DESIGN marks (hereinafter the "infringing products"). Pictures of some of the infringing products, from Gymboree's "Little Goldfish" line, are attached as Exhibit B hereto.

25.    Products bearing Pepperidge Farm's GOLDFISH DESIGN are geared, in part, towards children, a large segment of the market for products bearing Pepperidge Farm's GOLDFISH DESIGN marks.

26.    Gymboree's use of the GOLDFISH DESIGN marks on and in connection with the infringing products is likely to cause confusion, mistake and/or deceive purchasers, potential purchasers, and the relevant public and trade as to the source or sponsorship or approval of the infringing products, and/or as to their affiliation with Pepperidge Farm, thereby causing harm to Pepperidge Farm's reputation and good will.

27.    Upon information and belief, the goods of Gymboree and the goods of Pepperidge Farm will be advertised and sold to an overlapping class of purchasers.

28.    Upon information and belief, the sale of the infringing goods by Gymboree has diminished the value of the GOLDFISH DESIGN marks in the marketplace.

## Count I
## Federal Trademark Infringement

29.    The factual allegations in the foregoing paragraphs are incorporated herein by reference.

30.    Gymboree has knowingly used in commerce a reproduction, counterfeit, copy or colorable imitation of the GOLDFISH DESIGN marks without the consent of Pepperidge Farm.

31.    Gymboree's use in commerce of Pepperidge Farm's marks has been in connection with the sale, offering for sale, distribution or advertising of Gymboree goods.

32.    Gymboree's use in commerce of Pepperidge Farm's GOLDFISH DESIGN marks is likely to cause confusion of consumers, or to cause mistake, or to deceive consumers desiring to purchase genuinely licensed and authorized Pepperidge Farm goods as to the origin, source and or quality of such goods.

33.    Gymboree's use in commerce of Pepperidge Farm's GOLDFISH DESIGN marks has caused loss of goodwill and profits to Pepperidge Farm, has unjustly enriched Gymboree, has damaged the reputation of genuine Pepperidge Farm branded goods, and has injured the public by causing confusion, mistake and deception.

34.    Gymboree has used Pepperidge Farm's GOLDFISH DESIGN marks in commerce with the knowledge and intent that such use will cause confusion, mistake and deception among the purchasing public.

35.    Pursuant to 15 U.S.C. § 1116(a) Pepperidge Farm is entitled to preliminary and permanent injunctive relief to prevent Gymboree's continued use of the GOLDFISH DESIGN marks in commerce.

6

36.    Pursuant to 15 U.S.C. § 1117(a), Pepperidge Farm is entitled to damages for Gymboree's use in commerce of Pepperidge Farm's marks, an accounting of profits made by Gymboree's use, and recovery of Pepperidge Farm's costs of this action.

37.    The intentional use of Pepperidge Farm's marks by Gymboree makes this an exceptional case entitling Pepperidge Farm to an award of three times its actual damages and recovery of its reasonable attorneys' fees.

38.    Pepperidge Farm is also entitled to prejudgment interest on its recovery.

## Count II
## Federal Trademark Dilution

39.    The factual allegations in the foregoing paragraphs are incorporated herein by reference.

40.    Pepperidge Farm's GOLDFISH DESIGN marks are famous marks.

41.    Pepperidge Farm's GOLDFISH DESIGN marks attained fame long prior to Gymboree's first use of Pepperidge Farm's marks on and in connection with the infringing goods.

42.    Gymboree's use of Pepperidge Farm's GOLDFISH DESIGN marks on and in connection with the infringing goods diminishes and/or dilutes the distinctive quality of Pepperidge Farm's GOLDFISH DESIGN marks.

43.    Such use by Gymboree erodes and diminishes, and has eroded and diminished, the goodwill Pepperidge Farm has long enjoyed in its GOLDFISH DESIGN marks, and such use will continue to do so, if not enjoined.

44.    The aforementioned conduct of Gymboree as described herein and in the preceding causes of action of this Complaint has diluted and will likely continue to dilute and has tarnished and is likely to continue to tarnish the distinctive quality and reputation of Pepperidge

Farm's federally-registered GOLDFISH DESIGN marks, and will cause irreparable damage to Pepperidge Farm in violation of 15 U.S.C. § 1125(c).

45.    Pepperidge Farm has no adequate remedy at law.  The aforementioned conduct of Gymboree has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Pepperidge Farm in the GOLDFISH DESIGN marks and in its business, reputation, and goodwill.  Pepperidge Farm's damages from the aforementioned unlawful actions of Gymboree are not yet determined.

## Count III
### Trademark Dilution Under New York State Law

46.    The factual allegations in the foregoing paragraphs are incorporated herein by reference.

47.    Gymboree's use of Pepperidge Farm's marks are likely to dilute the distinctiveness of the GOLDFISH DESIGN marks, with consequent damage to Pepperidge Farm and the business and goodwill symbolized by the GOLDFISH DESIGN marks, in violation of New York Anti-Dilution Statute, N.Y. Gen.Bus.L. § 360-L.

48.    The aforesaid acts of Defendant each directly and proximately have caused and, without judicial intervention, will continue to cause Pepperidge Farm irreparable harm for which there is no adequate remedy at law, and monetary damage in an amount to be determined by the trier of fact at trial.

## Count IV
### Common Law Trademark Infringement

49.    The factual allegations in the foregoing paragraphs are incorporated herein by reference.

50.    Gymboree's acts constitute trademark infringement under the common laws of the State of New York.

51.    Gymboree's acts of trademark infringement entitle Pepperidge Farm to recover its damages and costs of this action, together with an accounting of profits made by Gymboree on its sales of infringing goods in connection with which Gymboree uses Pepperidge Farm's marks.

52.    The acts of Gymboree have been malicious and calculated to injure Pepperidge Farm.

53.    The willful, wanton and malicious nature of Gymboree's conduct entitles Pepperidge Farm to an award of its reasonable attorneys' fees and punitive damages.

54.    Gymboree's infringement of Pepperidge Farm's marks is causing irreparable injury to Pepperidge Farm's goodwill, and unless enjoined by this Court, will continue to do so.

55.    Further, Pepperidge Farm may not have an adequate legal remedy in the event money damages cannot properly be calculated.

56.    Under the common laws of the State of New York, Pepperidge Farm is entitled to preliminary and permanent injunctive relieve to prevent Gymboree's continuing trademark infringement.

## JURY DEMAND

57.    Pepperidge Farm hereby demands a trial by jury.

## PRAYER

**WHEREFORE**, Plaintiffs pray that:

1.    The Court finds that Pepperidge Farm owns valid and subsisting trademarks.

2.    Defendant be held liable under each claim for relief as set forth in this Complaint.

3.    Defendant, its agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, be enjoined from using or selling goods displaying the GOLDFISH DESIGN marks, or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation of the GOLDFISH DESIGN marks, as a trademark or service mark,

trade name or domain name, or in the advertising, distribution, sale, or offering for sale of Defendant's products and/or services.

4.    Defendant be required to pay to Pepperidge Farm all damages Pepperidge Farm has suffered by reason of Defendant's unlawful acts set forth herein, together with legal interest from the date of accrual thereof .

5.    Defendant be required to account for and pay to Pepperidge Farm all profits wrongfully derived by Defendant through its unlawful acts set forth herein, together with legal interest from the date of accrual thereof.

6.    Defendant be required to pay to Pepperidge Farm punitive damages in an amount as determined by this Court, for Defendant's deliberate and willful trademark infringement and unfair competition.

7.    Defendant be required to pay to Pepperidge Farm its reasonable attorneys' fees and disbursements incurred herein, pursuant to 15 U.S.C.  § 1117 and the equity powers of this Court.

8.    Defendant be required to pay to Pepperidge Farm the costs of this action.

Dated March 4, 2010

Respectfully submitted,

GOODWIN PROCTER, LLP
620 8th Avenue
New York, New York 10018
212-813-8800 Telephone
212-353-3555 Facsimile

By: _____
    Ira Jay Levy (IJL2632)
    Heather L. Dietrick  (HD-9591)


**ATTORNEYS FOR
PEPPERIDGE FARM, INCORPORATED**

# EXHIBIT A



Int. Cl.: 30

Prior U.S. Cl.: 46

## United States Patent and Trademark Office

Reg. No. 1,640,659

Registered Apr. 9, 1991

### TRADEMARK
### PRINCIPAL REGISTER



PF BRANDS, INC. (DELAWARE CORPORA-
TION)
3411 SILVERSIDE ROAD
WILMINGTON, DE 19810 , ASSIGNEE OF PEP-
PERIDGE FARM INCORPORATED (CON-
NECTICUT CORPORATION) NORWALK, CT
06856

FOR: CRACKERS, IN CLASS 30 (U.S. CL. 46).
FIRST USE 0–0–1976; IN COMMERCE
0–0–1976.
OWNER OF U.S. REG. NO. 739,118.

THE STIPPLING IN THE MARK IS FOR
SHADING PURPOSES ONLY AND IS NOT A
FEATURE OF THE MARK NOR INTENDED
TO INDICATE COLOR.
THE MARK CONSISTS OF THE CONFIGU-
RATION OF A GOLDFISH.
SEC. 2(F).

SER. NO. 73–705,855, FILED 1–15–1988.

CRAIG K. MORRIS, EXAMINING ATTORNEY

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 1,845,811

Registered July 19, 1994

## TRADEMARK
### PRINCIPAL REGISTER



PF BRANDS, INC. (DELAWARE CORPORA-
TION)
200 CONTINENTAL AVENUE
SUITE 102
NEWARK, DE 19713

FOR: COOKIES, IN CLASS 30 (U.S. CL. 46).
FIRST USE 6-0-1993; IN COMMERCE
7-19-1993.
OWNER OF U.S. REG. NOS. 739,118 AND
1,640,659.

THE STIPPLING ON THE MARK IS FOR
SHADING PURPOSES ONLY AND DOES NOT
INDICATE A FEATURE OF THE MARK NOR
IS IT INTENDED TO INDICATE COLOR.
THE MARK CONSISTS OF THE CONFIGU-
RATION OF A GOLDFISH.

SER. NO. 74-442,718, FILED 10-1-1993.

KENNETH D. BATTLE, EXAMINING ATTOR-
NEY

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 2,054,823

Registered Apr. 22, 1997

## TRADEMARK
### PRINCIPAL REGISTER



PF BRANDS, INC. (DELAWARE CORPORA-
TION)
200 CONTINENTAL DRIVE
SUITE 102
NEWARK, DE 19713

FOR: CRACKERS AND SNACK MIX CON-
SISTING PRIMARILY OF CRACKERS, PRET-
ZELS AND NUTS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 0-0-1976; IN COMMERCE
0-0-1976.
OWNER OF U.S. REG. NOS. 1,640,659 AND
1,845,811.

SER. NO. 75-079,966, FILED 3-28-1996.

MONTIA O. GIVENS, EXAMINING ATTOR-
NEY

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 2,176,927

Registered July 28, 1998

## TRADEMARK
### PRINCIPAL REGISTER



PF BRANDS, INC. (DELAWARE CORPORA-
TION)
200 CONTINENTAL DRIVE
SUITE 102
NEWARK, DE 19713

FOR: SNACKS, NAMELY, CRACKERS, IN
CLASS 30 (U.S. CL. 46).

FIRST USE 6–30–1994; IN COMMERCE
6–30–1994.
OWNER OF U.S. REG. NOS. 1,640,659, 2,054,823
AND OTHERS.

SER. NO. 75–346,586, FILED 8–25–1997.

ROBERT LORENZO, EXAMINING ATTORNEY

Int. Cl.: 29

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Amended

Reg. No. 2,586,509

Registered June 25, 2002

OG Date Aug. 5, 2008

## TRADEMARK
## PRINCIPAL REGISTER



PEPPERIDGE FARM, INCORPORATED (CONNECTICUT CORPORATION)
595 WESTPORT AVENUE
NORWALK, CT 06851
OWNER OF U.S. REG. NO. 2,176,927.

FOR: SOUPS, IN CLASS 29 (U.S. CL. 46).

FIRST USE 4-30-2001; IN COMMERCE 4-30-2001.

SER. NO. 76-169,010, FILED 11-21-2000.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Aug. 5, 2008.*

**DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE**

Int. Cl.: **30**

Prior U.S. Cl.: **46**

United States Patent and Trademark Office

Amended

Reg. No. 2,719,331

Registered May 27, 2003

OG Date Mar. 24, 2009

## TRADEMARK
## PRINCIPAL REGISTER



PEPPERIDGE FARM, INCORPORATED
  (CONNECTICUT CORPORATION)
595 WESTPORT AVENUE
NORWALK, CT 06851
  OWNER OF U.S. REG. NOS. 2,176,927
AND 2,586,509.

FOR: PASTA, IN CLASS 30 (U.S. CL. 46).

  FIRST USE 4-30-2001; IN COMMERCE 4-30-2001.

  SER. NO. 76-444,217, FILED 8-23-2002.



*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Mar. 24, 2009.*

**Acting Director of the United States Patent and Trademark Office**

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 3,290,648
Registered Sep. 11, 2007

## TRADEMARK
### PRINCIPAL REGISTER



PF BRANDS, INC. (DELAWARE CORPORATION)
SUITE 102
200 CONTINENTAL DRIVE
NEWARK, DE 19713

FOR: CRACKERS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 10-31-1997; IN COMMERCE 10-31-1997.

OWNER OF U.S. REG. NOS. 1,640,659 AND 1,845,811.

THE STIPPLING IN THE DRAWING IS FOR SHADING PURPOSES ONLY AND IS NOT A FEATURE OF THE MARK.

THE MARK CONSISTS OF THE CONFIGURATION OF A CRACKER.

SEC. 2(F).

SER. NO. 78-844,684, FILED 3-23-2006.

CHARLOTTE CORWIN, EXAMINING ATTORNEY

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 3,304,314
Registered Oct. 2, 2007

## TRADEMARK
### PRINCIPAL REGISTER



PF BRANDS, INC. (DELAWARE CORPORATION)
SUITE 102
200 CONTINENTAL DRIVE
NEWARK, DE 19713

FOR: COOKIES; CRACKERS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 1-1-2006; IN COMMERCE 1-1-2006.

THE MARK CONSISTS OF A CARTOON DRAWING OF A FISH WITH THE WORD FINN BENEATH.

SN 78-793,740, FILED 1-18-2006.

NORA BUCHANAN WILL, EXAMINING ATTORNEY

Int. Cl.: 30

Prior U.S. Cl.: 46

Reg. No. 3,353,856

## United States Patent and Trademark Office

Registered Dec. 11, 2007

## TRADEMARK
### PRINCIPAL REGISTER



PEPPERIDGE FARM, INCORPORATED (CON-
  NECTICUT CORPORATION)
595 WESTPORT AVENUE
NORWALK, CT 06851

  FOR: CRACKERS, IN CLASS 30 (U.S. CL. 46).

  FIRST USE 4-30-2006; IN COMMERCE 4-30-2006.

THE MARK CONSISTS OF A CARTOON DRAW-
ING OF A FISH WITH THE WORD BROOKE
BENEATH.

  SN 78-793,524, FILED 1-18-2006.

NORA BUCHANAN WILL, EXAMINING ATTOR-
  NEY

Int. Cl.: 30

Prior U.S. Cl.: 46

## United States Patent and Trademark Office

Reg. No. 3,433,385
Registered May 20, 2008

## TRADEMARK
### PRINCIPAL REGISTER



PEPPERIDGE FARM, INCORPORATED (CON-
NECTICUT CORPORATION)
595 WESTPORT AVENUE
NORWALK, CT 06851

FOR: CRACKERS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 4-30-2006; IN COMMERCE 4-30-2006.

THE MARK CONSISTS OF A CARTOON DRAW-
ING OF A FISH WITH THE WORD "XTREME"
BENEATH.

SN 78-978,792, FILED 1-18-2006.

NORA BUCHANAN WILL, EXAMINING ATTOR-
NEY

Int. Cl.: 30

Prior U.S. Cl.: 46

## United States Patent and Trademark Office

**Reg. No. 3,471,224**
Registered July 22, 2008

### TRADEMARK
### PRINCIPAL REGISTER



PEPPERIDGE FARM, INCORPORATED (CONNECTICUT CORPORATION)
PEPPERIDGE FARM, INCORPORATED
NORWALK, CT 06851

FOR: CRACKERS, IN CLASS 30 (U.S. CL. 46).

FIRST USE 1-1-2006; IN COMMERCE 1-1-2006.

OWNER OF U.S. REG. NOS. 2,719,332, 3,353,856 AND OTHERS.

THE MARK CONSISTS OF A CARTOON DRAWING OF A FISH.

SER. NO. 77-338,662, FILED 11-28-2007.

DANNEAN HETZEL, EXAMINING ATTORNEY

# EXHIBIT B



Gymboree Goldfish Bib: Item #140061177



Gymboree Goldfish Sunhat: Item #140061175



Gymboree Goldfish Bubbles Bloomer 2-piece set:  Item #140061165



Gymboree Goldfish Blanket: Item #140061178

LIBNY/4891104.1



Gymboree Dot Crib Shoe: Item #140061179



Gymboree Goldfish Bubbles Bodysuit: Item #140061133

LIBNY/4891104.1